UNITED STATES DISTRICT COURT
EASTERN STRICT OF NEW YORK
----------------------------------------------------------------------x
DANIEL NICHOLSON,
individually and on behalf of a class

                              Plaintiffs,

-against-

MERCANTILE ADJUSTMENT BUREAU, LLC,
CORPORATE SUCCESSOR TO
CREDITORS INTERCHANGE
RECEIVABLE MANAGEMENT, LLC

                              Defendant.
----------------------------------------------------------------------x

**AMENDED CLASS ACTION COMPLAINT**

2:12-cv-03503 (LDW) (WDW)

Plaintiff, by and through his undersigned attorney, alleges upon knowledge to himself and his own acts, and as to all other matters upon information and belief, brings this Amended complaint against the above-named defendant and in support thereof alleges the following.

## PRELIMINARY STATEMENT

1.       Plaintiff brings this action on his own behalf and on behalf of all others similarly situated for damages and declaratory and injunctive relief arising from Defendant's violation of § 1692 of Title 15 of the United States Code, the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive deceptive and unfair practices.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331. This is an action for violation of 15 U.S.C. § 1692.

3. Venue is proper in this district under 28 U.S.C. § 1391(b)(2).

## PARTIES

4. Plaintiff Daniel Nicholson is a resident of the State of New York, Nassau County. On or about July 19, 2011, Plaintiff Nicholson received a debt collection notice from the defendant at plaintiff's home address. **Exhibit A**.

5. Defendant MERCANTILE ADJUSTMENT BUREAU, LLC, is the Corporate Successor to Creditors Interchange Receivable Management, LLC. Mercantile Adjustment Bureau, LLC is a New York Limited Liability Company and is located at 165 Lawrence Bell Drive, Suite 100, Williamsville, New York 14221.

## CLASS ACTION ALLEGATIONS

6. Plaintiff brings this action as a class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of himself and all consumers and their successors in interest (the "Class"), who have received debt collection letters and/or notices from the defendant which are in violation of the FDCPA, as described in paragraphs numbered 16 through 19 of this complaint, as of the date of plaintiff's complaint. Excluded from the Class is the defendant herein and any person, firm, trust, corporation or other entity related to or affiliated with the defendant, including, without limitation, persons who are officers, directors, employees, associates or partners of Defendant.

7. This action is properly maintained as a class action. This Class satisfies all the requirements of Rule 23 for maintaining a class action.

8. The Class is so numerous that joinder of all members is impracticable. Upon information and belief, hundreds of persons have received debt collection notices from the defendant which violate various specific provisions of the FDCPA.

9. There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

a. Whether the defendant violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692g(a)(2).

b. Whether plaintiff and the Class have been injured by the defendant's conduct;

c. Whether plaintiff and the class have sustained damages and are entitled to restitution as a result of the defendant's wrongdoing and, if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

d. Whether plaintiff and the Class are entitled to declaratory and/or injunctive relief.

10. Plaintiff's claims are typical of the claims of the Class, and the plaintiff has no interests adverse or antagonistic to the interests of other members of the Class.

11. Plaintiff will fairly and adequately protect the interests of the Class and have retained experienced counsel, competent in the prosecution of class action litigation.

12. A class action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

13. A class action will permit large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein. Absent a class action Class members will continue to suffer losses of statutorily protected rights as well as monetary damages. If defendant's conduct will proceed without remedy it will continue to reap and retain the proceeds of its ill-gotten gains.

14. Defendant has acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## STATEMENT OF FACTS

15.     On or about July 19, 2011, defendant sent a collection letter to Nicholson demanding payment of a debt. A copy of said collection letter is annexed hereto as **Exhibit A.**

16.     The collection letter stated that the creditor to whom this debt is owed is: Cavalry Portfolio Services, LLC.

17.     Defendant in many instances violated the requirements of the FDCPA, in the following and other respects by falsely claiming that "Cavalry Portfolio Services, LLC" is the name of the creditor in violation of 15 U.S.C. § 1692g(a)(2).

## CLASS ALLEGATIONS

18.     This action is brought on behalf of a class. The class includes all New York State consumers who were sent a written notice falsely claiming that the name of the creditor to whom the debt is owed is "Cavalry Portfolio Services, LLC."

19.     The class period begins one year prior to the filing of this action.

20.     The class is so numerous that joinder of all members is impractical. Upon information and belief, there are several hundred class members. Plaintiff is complaining of standard form letters.

21. There are questions of law common to the class, which questions predominate over any questions affecting only individual class members. The principle questions presented are whether defendant violated 15 U.S.C. § 1692g(a)(2).

22. Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling class claims and claims involving unlawful collection practices. Neither plaintiff nor counsel have any interests which might cause him not to vigorously pursue this claim.

23. Plaintiff's claims are typical of the class, which all arise from the same operative facts and are based on the same legal theories.

24. A class action is a superior method for the fair and efficient adjudication of the controversy.

**WHEREFORE**, plaintiff respectfully requests that the Court enter judgment as follows:

(a) Declaring that this action is properly maintainable as a class action and certifying plaintiffs as Class representative.

(b) Issue a preliminary and permanent injunction restraining defendant, its employees, agents and successors from, *inter alia,* engaging in conduct and practices that are in violation of the FDCPA;

(c) Issue a declaratory Order requiring defendant to make corrective disclosures;

(d) Awarding plaintiff and the class statutory damages;

(e) Awarding plaintiff costs of this action, including reasonable attorneys' fees and expenses; and

(f) Awarding plaintiff and the class such other and further relief as the Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the FRCP, plaintiffs hereby demand a trial by jury.

Dated: June 9, 2014
Uniondale, New York

Abraham Kleinman (AK-6300)
KLEINMAN LLC
626 RXR Plaza
Uniondale, New York 11556-0626
Telephone (516) 522-2621
Facsimile (888) 522-1692

Exhibit A

JAN-24-2012 16:24 FROM:JNJ SECURITIES INC 5167974869 TO:18885221692 P.1

**80 HOLTZ DR
BUFFALO NY 14225-1470**

Reference No. 15062512 CNP

Date: 07/19/2011

 **Creditors Interchange**
www.creditorsinterchange.com
RE: Your account with our client
CAVALRY PORTFOLIO SERVICES, LLC

For/Original Creditor: BANK OF AMERICA/FIA CARD
Account Number: **************2232
Current Balance: $2573.39

CPUR01-M1     A-03-6BM-AM-14264-56

DANIEL J NICHOLSON
108 CONNECTICUT AVE
MASSAPEQUA NY 11758-4503



Daniel J Nicholson,

We are contacting you on behalf of CAVALRY PORTFOLIO SERVICES, LLC, who purchased the above referenced account that originated with BANK OF AMERICA/FIA CARD. As such, they are entitled to the amount due. The account listed above has been referred to Creditors Interchange for collection.

It is important for you to know that we are available to work with you on behalf of our client to help you satisfy the debt in a manner that is fair and equitable to all parties. Our account representatives are ready to assist you with making the arrangements necessary to resolve this matter. You may contact us at the toll free number below.

Please send your payments to: Creditors Interchange, 80 Holtz Dr, Buffalo NY 14225-1470. Don't forget to include your reference number and make your check payable to Creditors Interchange. You can also make this payment online by visiting www.creditorsinterchange.com. You will need your reference number and PIN from the bottom of this letter to pay online.

Sincerely,

Amy Zawadzki
Phone Number: 1-866-896-5259

This is an attempt to collect a debt and any information obtained will be used for that purpose. This is a communication from a debt collector.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of the debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

New York City Department of Consumer Affairs License Number: 1304526.

**SEE REVERSE SIDE FOR IMPORTANT PRIVACY NOTIFICATION**

| Creditors Interchange
80 Holtz Drive
Buffalo, NY 14225 | Office Hours (Eastern Time):
Monday - Thursday    8:00 am - 9:00 pm
Friday                       8:00 am - 8:00 pm
Saturday                   8:00 am - 2:00 pm
Sunday                     Closed | PIN: 9515 |